JAMES H. GREENLEE *v.* T. Y. and J. M. GREENLEE.[1]

The act of March 16th 1869. (Stay Law) does not profess to authorize the continuance of causes then pending on issues regularly joined upon the ordinary pleas for delay.

DEBT, before *Henry, J.,* at McDOWELL, Spring Term 1869.

The defendant having moved, under the act of 16th March 1869, for a continuance of the cause then pending upon the usual pleas for delay, His Honor allowed the motion. The defendant excepted, and appealed.

*Phillips & Merrimon*, for the appellant.
No counsel *contra*.

SETTLE, J. The writ was returned to Spring Term 1867, counsel appeared upon both sides and marked their names, and the case was continued from term to term, until Spring Term 1869.

The statement of the case sent here recites, that " dilatory pleas having heretofore been entered by defendants, and the cause standing upon the trial docket at this term (Spring Term 1869), the attorney for the plaintiff moved for judgment, &c., which motion was refused by the Court, and the cause ordered to be continued under the act of the legislature, ratified March 16th, 1869." Admitting for the sake of argument, the validity of this act, we find nothing in it to warrant the conclusion at which his Honor seems to have *arrived. It provides, " that all civil actions in which issues have been joined, shall stand for trial at Spring Term 1869; provided, that issues of law or fact which have been joined in pursuance of laws and ordinances heretofore passed, and known as Stay Laws, shall be considered as having been illegally joined," and the pleadings in such cases are to be regulated according to the provisions of this act, &c.

In this case issues had been joined upon pleas entered according to the regular course of the Court, and it stood for trial upon the docket at Spring Term 1869.

How does it appear that issues had been joined in pursuance of any law or ordinance passed and known as *Stay Laws ?*

The Stay Laws gave further time to plead upon the payment of certain installments, &c., and it was not the practice to enter pleas or join issue when these terms were complied with. If

not complied with, but only pleas entered according to the regular course of the Courts before the introduction of Stay Laws, judgments were entered at the proper terms as a matter of course, and no one supposed these cases to be embraced or in any wise affected by the provisions of the Stay Laws.

There is error. Let this be certified &c.

PER CURIAM.                                        Order accordingly.